**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| LARRY PAYNE,<br><br>*Plaintiff*,<br><br>v.<br><br>RENEE GRIMES,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:26-CV-497-TRM-DCP |

---

# MEMORANDUM AND ORDER

---

Plaintiff Larry Payne, a prisoner housed at the Bledsoe County Correctional Complex, filed a motion for leave to proceed *in forma pauperis* (Doc. 1) and a civil rights complaint under 42 U.S.C. § 1983 (Doc. 2). For the reasons set forth below, the Court will grant Plaintiff's motion and permit Plaintiff's claims against Defendant Renee Grimes to proceed.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion (Doc. 1) demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*id.*) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such

monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. SCREENING OF COMPLAINT

Pursuant to the Court's review of the complaint in accordance with the Prison Litigation Reform Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that Plaintiff has plausibly alleged that Defendant Renee Grimes acted with deliberate indifference to Plaintiff's constitutional rights, and Plaintiff's claims against Defendant Grimes will **PROCEED**.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Grimes. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of receipt of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service on Defendant Grimes shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective. Plaintiff is forewarned that if he fails to timely return the completed service packet, this action will be dismissed.

Defendant Grimes shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Grimes fails to timely respond to the complaint, it may result in entry of judgment by default against her.

Plaintiff is **ORDERED** to immediately inform the Court and Defendant Grimes or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**